sumed to keep himself advised, and the creditor is under no duty to communicate his knowledge of facts which affect that question; nor is he to explain to the surety the meaning or effect of his engagement to answer for the principal debt. 2 Brandt, Surety. & Guar. § 419; Western N. Y. L. Ins. Co. v. Clinton, 66 N. Y. 326. As was said in the case last cited:

"It is the duty of the sureties to look out for themselves and ascertain the nature of the obligation embraced in the undertaking, and any other rule would not only work serious inconvenience, but render securities of this character of but little, if of any, value."

The plaintiff's mere silence, under these circumstances, was not fraud, nor was it violative of any contractual engagement with the defendant, to be implied from the relations of the parties as creditor and guarantor; hence no sufficient ground of defense is disclosed by the allegations of the third and fourth separate defenses.

Demurrer sustained, with costs, with leave to defendant to amend within 20 days upon payment of costs.

---

### HUBER v. CLARK et al.

(Supreme Court, Appellate Division, Second Department. May 12, 1905.)

COSTS—DIFFICULT AND EXTRAORDINARY CASES—EXTRA ALLOWANCE UNDER STATUTE.

Code Civ. Proc. § 3253, subd. 2, provides that in a difficult and extraordinary case the court may, in its discretion, award an extra allowance. Plaintiff's claim was not in issue under the pleadings, nor litigated at the trial, defendants having admitted it; but defendants' counterclaim was persistently litigated, and the jury found in their favor for a substantial sum, though less than that claimed. *Held* that, though the case was a difficult and extraordinary one, this resulted from the contest over the counterclaim, and an extra allowance to plaintiff was unauthorized.

Appeal from Special Term.

Action by Hugo F. Huber against Bernard S. Clark, as temporary administrator, and others. From an order granting defendants' motion to amend the minutes of the trial and judgment by striking out that part thereof awarding an extra allowance to plaintiff, he appeals. Affirmed.

The following is the opinion of the court at Special Term (Garretson, J.):

In their answer the defendants admitted the right of the plaintiff to recover the amount demanded in the complaint. At the opening of the trial the defendants renewed this admission, and claimed the affirmative of the issues which arose upon the plaintiff's reply to the counterclaim set forth in the answer, and the same was allowed to them by the court, and the trial proceeded accordingly. The jury found in the defendants' favor upon the counterclaim, for a substantial amount, although largely less than the amount claimed by the defendants, and rendered a verdict in plaintiff's favor for a sum of money which represented the amount admitted to be due to the plaintiff after deducting the amount found by them to be due to the defendants upon their counterclaim. The plaintiff's claim, as sued for, was not in issue upon the pleadings, and his right to recover it was not litigated upon the

trial. The defendants' counterclaim was in issue, and was actively and per-sistently contested, and the defendants prevailed thereon. I am of the opin-ion that the granting of an extra allowance to the plaintiff was unauthorized. N. Y., L. E. & W. R. R. v. Carhart, 39 Hun, 363; Commercial Bank v. Hand, 27 App. Div. 145, 50 N. Y. Supp. 515. The case was indeed a difficult and ex-traordinary one, but this resulted from the contest which arose upon the counterclaim, in which, as stated, the defendants prevailed.

The minutes of the trial and the judgment should be amended by striking out that part of the same which awarded an extra allowance to the plaintiff.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Francis B. Mullen, for appellant.
John R. Abney, for respondents.

PER CURIAM. Order affirmed, with $10 costs and disburse-ments, upon the opinion of Garretson, J., at Special Term.

---

### BOIRE v. McDOWELL.

(Supreme Court, Appellate Division, Third Department.· May 23, 1905.)

EXCHANGES—CONTRACT—TERMS—EVIDENCE.
    In an action to recover "boot money" given by plaintiff on ·a horse· trade with defendant, evidence *held* not to show an agreement to trade back in case of plaintiff's dissatisfaction, or that the parties had traded back.

Appeal from Special Term, Clinton County.

Action by Alexander Boire against John McDowell. From a judgment for plaintiff affirming a judgment of a justice, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHES-TER, and HOUGHTON, JJ.

Botsford & Merrihew (John M. Tierney, of counsel), for appel-lant.
W. H. Dunn, for respondent.

CHASE, J. Plaintiff's son, acting for the plaintiff, exchanged with the defendant a black mare and $25 for a bay horse. Some time thereafter plaintiff, not being satisfied with the trade, left the bay horse with the defendant and took the black mare, and then brought this action to recover the $25. There is some evidence in regard to a warranty by the defendant as to the bay horse, but this action is not brought for a breach of warranty. The complaint alleges that defendant made certain representations as to the bay horse, and agreed "that plaintiff might take him and try him, and, if dissatisfied in any way, that he might return him to defendant, and that he would return to plaintiff what plaintiff had given him in exchange"; and that the trade was made with the understanding that if the horse "proved as warranted, and plaintiff should be satisfied with said horse, that the same should be considered a trade and exchange." The complaint further alleged that the horse was